UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORA M. COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-211 AGF |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the application of plaintiff for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C.§ 1915(a). Upon consideration of the financial information provided with the application, the Court finds that the applicant is financially unable to pay any portion of the filing fee. Therefore, plaintiff will be granted leave to proceed in forma pauperis. Additionally, the Court will order plaintiff to show cause why this action should not be summarily dismissed due to plaintiff's failure to properly exhaust her administrative remedies.

Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e).

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, for alleged race, color and age discrimination. Plaintiff also alleges that she was subjected to a hostile work environment.[1]

---

[1]Plaintiff has attached a copy of her Charge of Discrimination to her complaint, in which she alleges discrimination based on her race, sex and age. Plaintiff also alleges that she was retaliated against by her prior employer, Saint Louis University, and she states that she was subjected to a

Plaintiff has attached two right to sue letters to her complaint: one from the Equal Employment Opportunity Commission ("EEOC") dated September 29, 2016, and one from the Missouri Commission on Human Rights ("MCHR") dated October 12, 2016. Plaintiff filed this lawsuit on January 11, 2017.

A plaintiff in a Title VII action has ninety (90) days from receipt of the right to sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period from the date of the receipt of the EEOC right to sue letter elapsed on approximately Wednesday, December 28, 2016. Plaintiff did not file her suit until approximately fourteen days after the ninety-day period ended. As a result, plaintiff's complaint appears to be time-barred.[2]

Because plaintiff is pro se, the Court will give plaintiff the opportunity to show cause why the case should not be dismissed as time-barred. Failure to respond to this Order or failure to show adequate cause will result in the dismissal of this case.

Accordingly

---

constructive discharge. Plaintiff's Charge was dated by her on May 26, 2015, and received by the Missouri Commission on Human Rights on June 8, 2015. Plaintiff asserts that her constructive discharge occurred on or about October 31, 2014.

[2]The ninety-day time period from the date of the receipt of the MCHR right to sue letter elapsed on approximately Wednesday, January 11, 2017. However, there is no indication in the complaint that plaintiff is proceeding with a discrimination or retaliation claim under the Missouri Human Rights Act against defendant. **Moreover, if plaintiff's EEOC claims are in fact time-barred, this Court would lack jurisdiction over any state-law discrimination claims. As the parties appear to be citizens of the same state, there are no grounds for diversity jurisdiction in the instant case.** *See* **28 U.S.C. § 1332.**

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [#2] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff shall show cause, in writing and **no later than thirty (30) days from the date of this Order**, why this case should not be dismissed as time-barred.

Dated this 13th day of February, 2017.

AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE