UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DEBORA M. COTTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:17-CV-211 AGF |
| | ) | |
| SAINT LOUIS UNIVERSITY, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court after expiration of plaintiff's time to show cause why her employment discrimination action should not be subject to dismissal for failure to properly exhaust her administrative remedies.[1] Plaintiff has failed to respond to the Court's Order to Show Cause. However, after carefully reviewing the record, the Court concludes that plaintiff failed to properly exhaust her administrative remedies prior to bringing the present action to federal court. Therefore, the action is subject to dismissal pursuant to 28 U.S.C. § 1915(e)(2)(B).[2]

**Discussion**

Plaintiff brings this action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*., for alleged race, color and age discrimination. Plaintiff also alleges that she was subjected to a hostile work environment.[3]

---

[1]On February 13, 2017, the Court ordered plaintiff to show cause why this action should not be dismissed for failure to file the instant action within ninety (90) days of receiving her right-to-sue letter from the Equal Employment Opportunity Commission ("EEOC").

[2]Because plaintiff is proceeding in forma pauperis, the Court is required to conduct an initial review of the case and to dismiss it if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915(e).

[3]Plaintiff has attached a copy of her Charge of Discrimination to her complaint, in which she alleges discrimination based on her race, sex and age. Plaintiff also alleges that she was retaliated

Plaintiff has attached two right-to-sue letters to her complaint: one from the Equal Employment Opportunity Commission ("EEOC") dated September 29, 2016, and one from the Missouri Commission on Human Rights ("MCHR") dated October 12, 2016. Plaintiff filed this lawsuit on January 11, 2017.

A plaintiff in a Title VII action has ninety (90) days from receipt of the right-to-sue letter to file a civil action. *See* 42 U.S.C. § 2000e-5(f). Failure to file a timely civil action warrants dismissal of the complaint. *Braxton v. Bi-State Development Agency*, 728 F.2d 1105, 1108 (8th Cir. 1984).

The ninety-day period from the date of the receipt of the EEOC right-to-sue letter elapsed on approximately Wednesday, December 28, 2016. Plaintiff did not file her suit until approximately fourteen days after the ninety-day period ended. As a result, plaintiff's complaint is time-barred.

Plaintiff has failed to show adequate cause for her failure to file her lawsuit in a timely manner. As such, the Court is obligated to dismiss this action for plaintiff's failure to adequately exhaust her administrative remedies.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's lawsuit is **DISMISSED** due to her failure to properly exhaust her administrative remedies and file her claims within ninety (90) days of receipt of her EEOC right-to-sue letter. *See* 28 U.S.C. § 1915(e)(2)(B).

---

against by her prior employer, Saint Louis University, and she states that she was subjected to a constructive discharge. Plaintiff's Charge was dated by her on May 26, 2015, and received by the Missouri Commission on Human Rights on June 8, 2015. Plaintiff asserts that her constructive discharge occurred on or about October 31, 2014.

**IT IS FURTHER ORDERED** that an appeal of this dismissal would not be taken in good faith.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st day of March, 2017.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE